## WORM v. HUFFMAN.
### No. 12365.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 19, 1951.

Rehearing Denied Jan. 16, 1952.

Werner A. Gohmert, J. Earl Barnhouse, Alice, for appellant.

Perkins, Floyd & Davis, and Kenneth Oden, Alice, for appellee.

NORVELL, Justice.

This is a suit upon a promissory note dated February 24, 1947, for the sum of $2,919.85, executed by appellee, Homer Huffman, payable to the order of O. J. Worm, the appellant, and due six months after date.

The defense was a failure of consideration. The note had been given in connection with a contract whereby appellant agreed to sell 3,221 cases of beer to appellee.

The jury found, among other things, that the beer was unfit for human consumption and that the bottles were short-filled, i. e., contained less than twelve fluid ounces.

Judgment was rendered that appellant take nothing.

Appellant presents three points, as follows:

1. The trial court erred in overruling appellant's objection to the Special Issues.

2. The trial court erred in denying appellant's motion to disregard the jury's findings on the Special Issues and for judgment.

3. That trial court (erred) in denying appellant's motion for new trial.

Appellant states that all three points of error are fundamentally related and they are treated under a joint statement and argument.

We have some doubt about the sufficiency of the points above set out to raise the question of the sufficiency of the evidence to support the specific jury finding. However, in the course of the argument under the points, it is urged that there is no evidence to support the findings. This seems to be the main contention presented by the brief. We have examined the statement of facts and are of the opinion that the jury's findings are supported by the evidence. We need not discuss all issues. The answer in response to Special Issue Number One, relating to the fitness of the beer for human consumption, would be sufficient to defeat recovery. Reports of chemical analyses of the beer were introduced in evidence without objection. These reports were made by chemists employed by the State Liquor Control Board in the course of official duty. This evidence supports the jury's findings. Articles 3720, 3731-a, Vernon's Ann.Civ.Stats.; McCormick & Ray, Texas Law of Evidence, p. 720, § 565.

None of appellant's points discloses a reversible error. The judgment is affirmed.